NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2639-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JORGE A. CASTRO,

 Defendant-Appellant.
__________________________________

 Submitted February 7, 2017 – Decided August 16, 2017

 Before Judges Suter and Guadagno.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County, Indictment No.
 07-09-0852.

 Joseph Krakora, Public Defender, attorney for
 appellant (Adam W. Toraya, Designated Counsel,
 on the brief).

 Grace H. Park, Acting Union County Prosecutor,
 attorney for respondent (Milton S. Leibowitz,
 Special Deputy Attorney General/Acting
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant Jorge Castro appeals the denial of his petition for

post-conviction relief (PCR) without an evidentiary hearing. We

affirm.

 I.

 In 2009, defendant was convicted by a jury of first-degree

aggravated sexual assault (count one), N.J.S.A. 2C:14-2(a)(3);

second-degree burglary (count two), N.J.S.A. 2C:18-2(b)(1);

second-degree sexual assault (count three), N.J.S.A. 2C:14-

2(c)(1); third-degree aggravated criminal sexual contact (count

four), N.J.S.A. 2C:14-3(a); and fourth-degree criminal sexual

conduct (count five), N.J.S.A. 2C:14-3(b), following his sexual

assault of N.M. on March 28, 2007. He was sentenced in July 2009

to fourteen years in prison, with an eighty-five percent parole

disqualifier on count one, and a concurrent four-year sentence on

count four. Counts two and three were merged into count one, and

count five was merged into court four. Defendant was sentenced

to parole supervision for life, ordered to comply with Megan's

Law1 and to a five-year term of parole supervision pursuant to the

No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We affirmed

defendant's conviction and sentence in an unpublished opinion

where we detailed the evidence from the trial in rejecting

1
 N.J.S.A. 2C:7-1 to 7-23.

 2 A-2639-14T1
defendant's claims. State v. Castro, No. A-6312-08 (App. Div.

June 21, 2013).

 Defendant filed a pro se PCR petition listing multiple issues.

His assigned counsel filed a supplemental brief in support of the

petition. The PCR petition was denied without an evidentiary

hearing on November 14, 2014. Defendant appeals that order.

 The PCR court rejected each of defendant's claims, concluding

that an evidentiary hearing was not necessary because defendant

did not present evidence to support the claims. Defendant

presented "no evidence . . . [that meeting once with his trial

counsel] prejudiced him." Defendant did not allege what arguments

his appellate counsel should have made on his behalf but did not.

Defendant provided a list of potential witnesses who he claimed

should have been called at trial, but did not state "what these

witnesses would have testified [to], or how their testimony would

have affected the outcome." Defendant's PCR petition did not

provide evidence from any proposed expert witness that would have

assisted his defense. Defendant's allegation in his petition that

his counsel should have challenged the DNA results at trial had

"no bearing on [his] defense" that he had consensual sex with the

victim. Defendant's petition provided no evidence to "buttress"

his contention that "photos of the victim . . . were from a prior

incident." Defendant did not offer evidence about who, how or

 3 A-2639-14T1
what mental health treatment the victim may have received to

support his contention that his counsel erred in failing to obtain

these records.

 Relevant here, the PCR court also found that defendant's

privately retained counsel was not ineffective "because he did not

wait for the DNA results prior to the defendant taking a stipulated

polygraph." After the DNA results were returned and at trial,

defendant's defense was that he and the victim had consensual sex.

However, when initially questioned by the police, defendant did

not mention having sex with N.M. that day, and at the polygraph,

he denied it. The PCR court noted the disparity between

defendant's initial account of what occurred and his defense at

trial rendered the "polygraph evidence . . . of little, if any,

consequence." "[C]ounsel cannot be said to be ineffective because

he did not anticipate defendant would lie about not having sex

with the victim. The untruthfulness of defendant's initial version

of events would have been exposed at trial even[] absent a

polygraph."

 Defendant presents the following issue for our consideration

on appeal:

 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST-CONVICTION

 4 A-2639-14T1
 RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
 HEARING TO FULLY ADDRESS HIS CONTENTION THAT
 HE FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTATION AT THE TRIAL LEVEL.

We are not persuaded by this argument and affirm.

 II.

 Defendant and N.M. had an "on-again, off-again relationship"

for four years, and lived together for a few months, before they

broke up.2 They stayed in contact after that as shown by their

phone records, even having consensual sex.

 On March 28, 2007, defendant came, uninvited, to N.M.'s

apartment and was seen by a neighbor knocking at her apartment

door and then "put[ting] his left foot toward the door and us[ing]

his left hand to hold the door open." Castro, supra, No. A-6312-

08 (slip op. at 3). He pushed past the door and, following an

argument, defendant sexually assaulted N.M. Id. (slip op. at 3-

5). Defendant left the apartment and N.M. looked for her cell

phone, and "[w]hen she could not find it, she got dressed and went

to her car." Id. (slip op. at 5-6). As she exited the driveway,

"[d]efendant came down the alleyway and hit the front-end of her

car with the front-end of his car." Id. (slip op. at 6). Officers

reported to the scene of the accident, which commenced an

2
 We rely on our earlier opinion and relate only as much as is
necessary to resolve the issues in this appeal.

 5 A-2639-14T1
investigation leading to defendant's conviction. We focus on

defendant's PCR petition, having for these purposes no need to

detail the brutal sexual assault for which defendant stands

convicted.

 Defendant raised multiple issues in his PCR petition, but on

appeal, addresses only one.3 Defendant contends the PCR court

erred by rejecting his claim that his privately retained counsel

should have advised him not to take a polygraph examination in

July 2007 or stipulate to its admissibility at trial because, at

that time, the results from the DNA testing had not been received.

The DNA testing, received in November 2007, showed defendant's DNA

was mixed with N.M.'s in a sample taken from N.M.'s chest after

the assault.

 The standard for determining whether counsel's performance

was ineffective for purposes of the Sixth Amendment was formulated

in Strickland v. Washington, 466 U.S. 668, l04 S. Ct. 2052, 80 L.

Ed. 2d 674 (1984), and adopted by our Supreme Court in State v.

Fritz, l05 N.J. 42 (l987). In order to prevail on a claim of

3
 Because this issue was not raised in his merits brief, it is
deemed waived. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014);
Drinker Biddle v. N.J. Dep't of Law & Pub. Safety, Div. of Law,
421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims
not addressed in merits brief are deemed abandoned). See Pressler
& Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2017).

 6 A-2639-14T1
ineffective assistance of counsel, defendant must meet the two-

prong test of establishing both that: (l) counsel's performance

was deficient and he or she made errors that were so egregious

that counsel was not functioning effectively as guaranteed by the

Sixth Amendment to the United States Constitution; and (2) the

defect in performance prejudiced defendant's rights to a fair

trial such that there exists "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, supra, 466 U.S. at 687,

694, l04 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698. See

Fritz, supra, 105 N.J. at 58 (adopting the Strickland ineffective

assistance standard under the New Jersey Constitution). The

strategic choices of trial counsel will not be questioned so long

as "they are based on professional judgment." Strickland, supra,

466 U.S. at 681, 104 S. Ct. at 2061, 80 L. Ed. 2d at 689.

 We agree with the PCR court's order denying defendant's

request for an evidentiary hearing. Defendant's theory of defense

at trial was that he and N.M. had engaged in consensual sex. "The

defense of consent was not raised until after the State Police lab

results were returned and revealed the presence of defendant's DNA

in the dried secretions obtained from N.M." Castro, supra, No. A-

6312-08 (slip op. at 29). Prior to this,

 7 A-2639-14T1
 [d]efendant made statements to the police at
 the scene and in a handwritten statement
 regarding the events after he was arrested for
 simple assault. In each statement, defendant
 said N.M. invited him to her apartment; she
 abused him and threw wine on him; and then
 rammed his car. He did not mention that he
 had sex with N.M. in either statement.

 [Id. (slip op. at 26-27).]

Then, "he flatly denied having sex with N.M. at the July 2007

polygraph examination." Id. (slip op. at 29). We rejected

defendant's contention that it was improper for the prosecutor "to

comment on the inconsistency between the accounts defendant

provided and the defense presented at trial, or on the lack of

evidence to support a defense of consent." Id. (slip op. at 28-

29). We also rejected defendant's challenge to the admissibility

of the polygraph results, finding that its admission did not lead

to an unjust result. Id. (slip op. at 23).

 We agree with the PCR court that defendant already "cemented

his version[] that he did not have sex with [N.M.], well prior to

the polygraph." Also, we agree with the PCR court that "[w]ith

or without the polygraph evidence, the disparity between

defendant's initial account and the DNA evidence from the

defendant" was part of the record and that there was other

independent evidence that supported defendant's conviction. A

neighbor saw defendant inside the building at N.M.'s apartment

 8 A-2639-14T1
door and the DNA plainly linked defendant with N.M. at the time

of the assault. Therefore, we see no reason to disturb the judge's

findings, which are amply supported in the record before us.

 Having failed to demonstrate prima facie evidence of

ineffective assistance, the PCR court correctly concluded an

evidentiary hearing was not warranted. See State v. Preciose, 129

N.J. 452, 462-63 (1992).

 Affirmed.

 9 A-2639-14T1